UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Shawn Anthony Clark, | ) |
|         Plaintiff, | ) Case No.: 0:18-cv-2257-SAL |
| v. | ) |
| Bryan Stirling; Warden Joyner; Warden Tisdale; Warden Sharpe; Major Ray; Officer Beck; Officer Jane Joe; Jane Doe; Night Shift Captains; Captain Rogers; Joseph Stines; Mike McCall; S. Patterson, | ) OPINION AND ORDER |
|         Defendants. | ) |

This matter is before the Court for review of the November 8, 2019 Report and Recommendation of United States Magistrate Judge (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment, ECF No. 82, be granted, except with respect to claims against Defendants Joyner, Tisdale, Sharpe, and McCall (hereinafter "Defendants"), in their individual capacities, for failure to protect in violation of the Eighth Amendment. ECF No. 97 at 11-15. Defendants filed timely objections to the Report. ECF Nos. 105, 106, 108. Plaintiff did not file objections, and the time to do so has passed.

**I.  Background**

The following facts are undisputed for purposes of the motion before the Court. ECF No. 82-1 at 3. Plaintiff Shawn Anthony Clark, an inmate at Lee Correctional Institution ("LCI"), was beaten and stabbed by inmate Latroy Sampson on the night of August 26, 2018.[1] Inmate Sampson

---

[1] The Court acknowledges that the Complaint states that the incident occurred on August 26-27, 2018. However, the Complaint was filed before that date, and the remainder of the record leads to the conclusion that the incident most likely occurred in 2017. *E.g.*, ECF No. 94-1 at 2-3.

then held Plaintiff hostage for approximately nine to twelve hours, until Sampson called police with a cell phone. Officers responded to the prison, and a hostage negotiation resolved the situation without further incident. In asserting his failure to protect claim, Plaintiff alleges that Defendants knew of Latroy Sampson's propensity for violence. In addition, Plaintiff asserts that Defendants' failure to perform a security sweep of the unit enabled the hostage situation to endure longer than it might have otherwise. Finally, plaintiff asserts that Defendants violated his rights by consciously disregarding the fact that, for years, the cell doors in Plaintiff's unit did not lock. The Magistrate Judge found the foregoing facts, undisputed for present purposes, sufficient for Plaintiff's Eighth Amendment claim to survive summary judgment. Defendants Joyner, Tisdale, Sharpe, and McCall timely objected to the Magistrate Judge's recommendation.

Defendant McCall asserts that Plaintiff's claims attempt to impose supervisory liability under a *res ipsa loquitur* theory and that such a theory necessarily fails to state a claim. Defendant Joyner objects on the grounds that (1) the Magistrate Judge applied non-binding case law where the Fourth Circuit requires a more rigorous standard; and (2) Joyner could not have consciously disregarded a risk where he claims to have warned other defendants about the risk of transporting dangerous inmates to LCI. Defendants Tisdale and Sharpe assert, in addition to Joyner's arguments, that (1) the record is insufficient to permit an inference that they were personally involved in the deprivation of Plaintiff's rights; and (2) they are entitled to qualified immunity, for the same reason they are not liable to Plaintiff absent such immunity.

After a thorough review of the record and the arguments of the parties, the Court finds sufficient evidence, viewed in the light most favorable to Plaintiff, to enable a reasonable jury to conclude that Defendants failed to protect Plaintiff in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Report is therefore adopted in whole.

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

The Eighth Amendment guarantees the right to be free from cruel and unusual punishment and imposes a duty on prison officials to take reasonable measures to guarantee inmates' safety, including with respect to attacks at the hands of other inmates. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (citations omitted). To make out a claim for failure to protect, a prisoner must first show that, objectively, he was subject to a substantial risk of serious harm. *Id.* at 828. Second, he must show that a prison official was deliberately indifferent to that risk. *Id.* A prison official's deliberate indifference is demonstrated by knowledge of and disregard for an excessive risk to inmate safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* The subjective requirement that the prison official must actually draw the inference isolates those who can be said to have inflicted "punishment" within the meaning of the Eighth Amendment. *Id.* at 839. Subjective knowledge of a substantial risk of serious harm may be proven by circumstantial

evidence, including evidence that the facts comprising the risk were obvious. *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016) (citing *Farmer*, 511 U.S. at 842); *Makdessi v. Fields*, 789 F.3d 126, 129 (4th Cir. 2015).

The Court first recognizes that a reasonable jury could conclude that, objectively, the influx of high-risk inmates to LCI, combined with infrequent security sweeps and inoperable locks on the cell doors in Plaintiff's unit, constitute a substantial risk of serious harm. Prison officials must take "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984), and are otherwise "not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833. Deliberate indifference to that risk therefore constitutes a colorable claim under the Eighth Amendment. Defendants' objections are directed primarily toward whether they were deliberately indifferent, and are discussed below.

### A. Because Plaintiff has pleaded adequate facts upon which a reasonable jury might infer subjective knowledge, Defendant McCall's objections are overruled.

Defendant McCall raises the argument that Plaintiff's claims attempt to impute liability under a *res ipsa loquitur* theory, and that, because such a theory of liability fails in the context of an Eighth Amendment failure to protect claim, he is entitled to summary judgment. Because the record contains adequate evidence of Defendant McCall's subjective knowledge of the conditions at LCI, however, the objection is overruled.

The doctrine of *res ipsa loquitur*, insofar as it only applies to permit an inference of negligence, *e.g.*, *Jesionowski v. Bos. & M. R. R.*, 329 U.S. 452, 457 (1947), cannot itself apply to form a *prima facie* failure to protect claim under the Eighth Amendment. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006); *see also Spears v. Meeks*, No. 10-671, 2011 WL

1563062, at *5 (M.D. Ala. Apr. 26, 2011) (rejecting application of *res ipsa loquitur* to support a claim for deliberate indifference to medical needs).

In *Spears*, the court granted a motion to dismiss for failure to state a claim, where the court found no allegations supporting the defendant's subjective knowledge of a risk of serious harm. *Spears*, 2011 WL 1563062, at *4-5 (noting that "Plaintiff merely alleges that the fact and nature of Decedent's death after eleven days in [jail] demonstrates that [Defendant]" was subject to supervisory liability under § 1983). The decedent in *Spears* died in jail after developing a serious infection in his leg. *Id.* at *2. The administrator of his estate alleged, in conclusory fashion, that the jail supervisor's policies, training protocols, and minimal staff facilitated the decedent's death. Agreeing with the defendant's characterization of the claim and rejecting the application of *res ipsa loquitur*, the court granted the motion to dismiss, finding no plausibility to Plaintiff's entitlement to relief. *Id.* at *6.

The record in this case contains sufficient factual matter in support of Plaintiff's claim that Defendant McCall, unlike the defendant in *Spears*, had subjective knowledge of the conditions giving rise to a substantial risk of serious harm. Further, a prison official's subjective knowledge may be proven with circumstantial evidence that a substantial risk of inmate attacks was longstanding, pervasive, documented, or expressly noted by prison officials in the past. *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (citing *Farmer*, 511 U.S. at 842). Subjective knowledge is inferable when the circumstances suggest that the prison official "had been exposed to information concerning the risk and thus must have known about it." *Id.* (internal quotation marks omitted).

Defendants do not contest that the locks in Plaintiff's unit were inoperable for years, or that the number of beatings, sexual assaults, and murders in the unit increased because of such

5

inoperability. *See* ECF Nos. 94 at 2, 10; 94-1 at 24. Plaintiff further submitted testimony, subscribed to by fourteen (14) other inmates under penalty of perjury, that "[s]tarting with Warden Padula all the way to Warden [Aaron] Joyner, [sic] would come to [Plaintiff's unit] and tell the inmates they need to stay in their rooms, just because your doors are broken doesn't mean to come out of your rooms. But they failed to come and fix the doors." Inmates' Aff., ECF No. 94-1 at 4. Plaintiff also avers that he and several other inmates "brought to S.C.D.C.'s attention" the issue of cell doors not locking. Clark Aff., ECF No. 94-1 at 24. Plaintiff specifically testifies that "Warden Mike McCall was assigned to Lee County and knew the doors were broken [and] failed to fix [sic] during his [tenure]. The burden shifted from Warden to Warden, finally to Defendant Warden [Aaron] Joyner." Clark Aff., ECF No. 94-1 at 25.

Plaintiff's allegations accordingly do not rely on a *res ipsa loquitur* theory to establish liability. The record contains undisputed evidence that Defendant McCall, among others, instructed inmates that "just because your doors are broken doesn't mean to come out of your rooms." Inmates' Aff., ECF No. 94-1 at 4. The remainder of the record contains adequate, circumstantial evidence that would permit a reasonable jury to infer Defendant McCall's actual subjective knowledge of a substantial risk of harm.

> **B. The Fourth Circuit permits a plaintiff to prove subjective knowledge with circumstantial evidence, and the Magistrate Judge's reliance on *Walton v. Dawson* is appropriate.**

Defendants Joyner, Tisdale, and Sharpe object to the Report's reliance on *Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014), and argue that a more stringent standard applies in the Fourth Circuit. ECF No. 105 at 1-2 (citing *Rich v. Bruce*, 129 F.3d 336 (4th Cir. 1997)). Both circuits require proof of subjective, actual knowledge, and, as discussed above, both circuits permit proof thereof to be premised entirely on circumstantial evidence.

6

In *Rich*, the Fourth Circuit reversed the trial court's entry of judgment for an inmate who had been ambushed by another prisoner while in transit back to his cell. 129 F.3d at 337. The defendant, who was transporting the prisoner when the attack happened, was violating several prison security regulations at the time of the attack. *Id.* The court acknowledged that proof of actual knowledge of a substantial risk is a question of fact that may be proven with circumstantial evidence. *Id.* at 338 (citing *Farmer*, 511 U.S. at 842). The court noted, however, that the trial court's findings of fact "affirmatively establish[ed] that [Defendant] did not draw" the inference that his actions exposed the inmate to a substantial risk of serious harm. *Id.* Specifically, the trial court found that the defendant "was not smart enough to realize the risks he was creating" by violating certain prisoner transportation protocols. *Id.* at 339. Accordingly, the record of the case contained a finding that the defendant *did not* have subjective knowledge, and judgment for the inmate was therefore reversed. *Id.* at 340.

*Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014) merely applied the rule that exists in this circuit, *e.g.*, *Makdessi*, 789 F.3d at 133; *Rich*, 129 F.3d at 338, that subjective knowledge of a substantial risk may be inferred from circumstantial evidence, including evidence that the risk was obvious. *Walton*, 752 F.3d at 1119-20. Because the record contains adequate evidence upon which a reasonable jury could infer Defendants' subjective knowledge, the objections are overruled.

### C. Defendant Joyner's warnings to others about the risk of transporting dangerous inmates to LCI do not necessarily insulate Defendants Joyner, Tisdale, or Sharpe from liability as a matter of law.

Defendant Joyner cites a lawsuit he filed in support of the argument that, because he warned his superiors about the risk of transporting dangerous inmates to LCI, he could not have consciously disregarded the potential harm that eventually befell Plaintiff. Tisdale and Sharpe

7

argue that, as subordinates of Joyner, they could not have done anything else to abate the risk to Plaintiff after their superior had reported his concerns up the chain of command.

In a lawsuit filed in 2019, which Plaintiff attached to his Response, *see* ECF No. 94-1 at 9-16, Defendant Joyner alleged that after learning about his superiors' plan to transport a large number of inmates "who had participated in riots, escapes and disorders" to LCI, he promptly notified them that doing so would render LCI understaffed and unsuitable for the inmates. *Id.* at 11. Joyner claimed that he "supplied his superiors with specific information relating to the criminal histories of these inmates and warned of the dire consequences that might occur." *Id.*

"[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. Whether or not Defendant Joyner's alleged warnings negate a finding that he consciously disregarded a known risk, though, is ultimately a question of fact properly tried to a jury. Further, the record contains no evidence that any Defendant took any measures toward fixing the locks on the cell doors, a condition that apparently existed for several years. Summary judgment for Defendant Joyner on this point is therefore improper. For the same reasons, summary judgment for Tisdale and Sharpe is also unwarranted, as their argument is entirely dependent on the success of Joyner's.

### D. A reasonable jury could infer Defendant Tisdale's and Defendant Sharpe's personal involvement in the deprivation of Plaintiff's constitutional rights.

Defendants Joyner and Tisdale object on the ground that the record contains insufficient factual matter concerning their personal involvement in a deprivation of Plaintiff's constitutional rights, and that they are therefore entitled to summary judgment. The thrust of their position is that Plaintiff has not alleged facts that, if true, would constitute *direct* evidence of Tisdale's and

Sharpe's subjective knowledge of the substantial risks presented by the condition of LCI. *See* ECF No. 106 at 6.

First, Plaintiff testified that he and several other inmates brought their concerns to the attention of the agency. Clark Aff., ECF No. 94-1 at 24. Second, the fact that an apparently large number of cells at LCI are incapable of being locked is a sufficiently obvious condition such that these officials may have had subjective knowledge. *E.g.*, *Farmer*, 511 U.S. at 826 ("[A] factfinder may conclude that the official knew of a substantial risk from the very fact that it was obvious."). The Court finds the record sufficient to enable a jury to conclude that Tisdale and Sharpe possessed subjective knowledge of the conditions presenting a substantial risk of serious harm at LCI, and that they consciously disregarded that risk.

**E. Defendant Tisdale and Sharpe are not entitled to qualified immunity.**

Defendants Tisdale and Sharpe argue that because the facts alleged, viewed in a light most favorable to Plaintiff, do not show that their conduct violated a constitutional right, they are entitled to qualified immunity. The Court finds this objection to be wholly subsumed by the foregoing discussion, and is accordingly overruled.

**IV. Conclusion**

After a thorough review of the Report, the applicable law, and the record of this case, the Court hereby adopts the Report and Recommendation, ECF No. 97, in its entirety. The Court finds no plain error in the portions of the Report to which no party objected. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 82, is GRANTED in part and DENIED in part. Summary judgment is granted for Defendants on all claims except those against Defendants Joyner, Tisdale, Sharpe, and McCall, in their individual capacities, for failure to protect in violation of the Eighth Amendment.

IT IS SO ORDERED.

                                                                                     /s/ Sherri A. Lydon
                                                                                     Sherri A. Lydon
                                                                                     United States District Judge

March 18, 2020
Florence, South Carolina